*CLOSED*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL W. KABANA, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> C.A.R.S. PROTECTION PLUS, INC. et al., : <br> : <br> Defendants. : <br> : <br> : | Civil Action No. 15-7177 (SRC) <br><br> **OPINION & ORDER** |

**CHESLER**, District Judge

    This matter comes before the Court on the motion to remand for lack of subject matter jurisdiction by Plaintiff Daniel W. Kabana. Defendant C.A.R.S. Protection Plus, Inc. ("Cars") filed a Notice of Removal and Complaint in this Court on or about September 29, 2015. The Notice of Removal asserts that this Court has federal subject matter jurisdiction over this action by virtue of diversity, pursuant to 28 U.S.C. § 1332(a)(1).

    Plaintiff moves to remand on the ground that the case does not meet the amount in controversy requirement, and this Court thus lacks subject matter jurisdiction over the case.

    In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Section 1441 must be strictly construed against removal, with all doubts to be resolved in favor of remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). Federal statutory law mandates that "if at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d); see also Federal Rule of Civil Procedure 12(h)(3). The Court, moreover, has an independent obligation to satisfy itself that it has subject matter jurisdiction over a case. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005).

Diversity jurisdiction requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where, as in this case, the dispute over subject matter jurisdiction concerns the amount in controversy, the Third Circuit applies the "legal certainty" test established by the Supreme Court in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938). See Federico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). Under the Red Cab test, the case must be dismissed or remanded "only if 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'" Id. (quoting Red Cab, 303 U.S. at 289.) While Defendants indeed bear the burden of demonstrating that there is subject matter jurisdiction, doing so does not require them to make an affirmative showing that Plaintiff is more likely than not entitled to more than $75,000 in damages. There is a significant difference between a standard requiring a removing defendant to prove the value of plaintiff's claim and a standard requiring the defendant to demonstrate that recovering over $75,000 is not foreclosed by the allegations of the complaint. The difference is highlighted by the Third Circuit in Federico:

> Under *Red Cab*, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000 – a substantially different standard.

2

> This reading of the legal certainty test is supported by *Meritcare, Bloom, Packard*, and *Nelson*. None of these cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court.

Federico, 507 F.3d at 195 (quoting Valley v. State Farm Fire and Cas. Ins. Co., 504 F.Supp.2d 1, 3-4 (E.D.Pa.2006)) (emphasis in quotation). While Federico noted that in some cases, a defendant seeking removal would indeed have to meet the more onerous burden of proving that the plaintiff can recover the jurisdictional amount, that standard applies only where the complaint specifically avers that the amount in controversy is less than the jurisdictional minimum. Id. at 196-97. In the instant case, Plaintiff's Complaint does not specifically allege an amount in controversy; rather, a demand is made for an unspecified amount of damages, attorney's fees, and costs of suit. Thus, pursuant to Frederico, the Red Cab and Samuel-Bassett standard applied by the Court here governs. Id. at 197. "[T]he case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." Id.

As the removing Defendant, Cars bears the burden of demonstrating that there is federal subject matter jurisdiction over the action. Cars contends, incorrectly, that this Court must apply the standard articulated by the Supreme Court in Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547 (2014). Dart, however, involved a case removed under the Class Action Fairness Act. This Complaint was not removed under CAFA, which requires an mount in controversy exceeding $5,000,000, and Cars has given no justification for this Court to conclude that Dart applies to class action suits not brought under CAFA.

Cars contends that, with treble damages, Plaintiff's Consumer Fraud Act damages could reach $28,000. To get this figure up and over the jurisdictional minimum, Cars adds in an

3

unspecified amount of legal fees for a class certification motion. The problem with this is that it aggregates the legal expenses of the proposed class prior to certification and uses the total to inflate Plaintiff's amount in controversy so that it floats over the jurisdictional threshold. Plaintiff, however, has no entitlement to recovery of the legal fees accrued by an as-yet-nonexistent class. Plaintiff may be entitled to an award of his own legal fees, but Cars does not contend that the legal fees for Mr. Kabana alone will be at least $47,000.

Rather, Cars wishes to bestow upon Plaintiff an entitlement to the legal fees that might accrue to the proposed class. In Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001), the First Circuit explained why Supreme Court precedent does not allow a party to attribute the aggregate attorneys' fees for a class to a named plaintiff to help him meet the amount in controversy requirement:

> [The named plaintiff] does not allege, however, that his individual attorney's fees are high enough to boost his damages claim over the amount-in-controversy minimum. Rather he seeks, for jurisdictional purposes, to aggregate the attorney's fees that he anticipates will be needed to press the claim of the entire class for which he is named plaintiff. Because of Supreme Court precedent, this is a difficult argument to make.
>
> As we have noted, the statute that provides for federal court diversity jurisdiction, 28 U.S.C. § 1332(a), requires that the "matter in controversy" exceed the jurisdictional minimum. Based on this language, "the traditional judicial interpretation . . . has been from the beginning that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Snyder v. Harris*, 394 U.S. 332, 335, 22 L. Ed. 2d 319, 89 S. Ct. 1053 (1969) (citing earlier cases). In *Snyder*, the Court rejected the argument that this rule should not apply to class action plaintiffs, whose claims, the argument goes, should instead be aggregated for jurisdictional purposes. The Court said:
>
>> To overrule the aggregation doctrine at this late date would run counter to the congressional purpose in steadily increasing through the years the jurisdictional amount requirement. That purpose was to check, to some degree, the rising caseload of the federal courts,

4

> especially with regard to the federal courts' diversity of citizenship jurisdiction.

*Id.* at 339-40. The Court reaffirmed this holding in *Zahn v. International Paper Co.*, 414 U.S. 291, 38 L. Ed. 2d 511, 94 S. Ct. 505 (1973), adding, "Neither are we inclined to overrule *Snyder v. Harris* nor to change the Court's long-standing construction of the 'matter in controversy' requirement of § 1332."

The amount in controversy for the named Plaintiff in this case does not include an entitlement to the aggregate legal fees of the proposed class. It appears to a legal certainty that Plaintiff cannot recover at least $75,000. This case fails to meet the amount in controversy requirement imposed by 28 U.S.C. § 1332, and this Court lacks subject matter jurisdiction over this case.

Because this Court lacks subject matter jurisdiction over this case, the motion to remand is granted, and this case shall be remanded to the Superior Court of New Jersey.

For these reasons,

**IT IS** on this 22nd day of December, 2015

**ORDERED** that Plaintiff's motion to remand (Docket Entry No. 4) is **GRANTED**; and it is further

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey.


    s/Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.